Mr. Justice linger
delivered the opinion of tlie court.
The promise made subsequent to the execution of the deed, was without consideration, as the note then given was the consideration of the deed. The promise was also against the policy of the law, which secures to the wife her dower, independant of the control of her- husband. Neither is a possible injury a subject for damages; and as the husband is now living, it is only possible that the right of dower may accrue. On the first ground, the motion must fail.
The deed contains the usual covenant, that plaintiff will for ever defend defendant, his heirs and assigns, against every person lawfully claiming or to claim the premises, &c. s
If this be regarded as a warranty of seizin, it has not been broken, for plaintiff was seized. If a warranty for quiet enjoyment, it is not broken, for defendant’s possession has never been disturbed. The plaintiff’s title in every respect was good, and no warranty with respect to title can have been broken. But it is contended that from the words of the covenant, an implied warranty arises, that the wife shall renounce her dower. Such a warrant}7 would be contrary to the policy of the law, and therefore cannot be implied by the law; but if it could, the injury would be only possible during the life of the husband, and therefore not a subject for damages.
The motion must fail.
Justices Johnson, Colcock, Nott and Gantt, concurred.